# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# LYNCHBURG DIVISION

| | |
|---|---|
| AL-QAHIRA BAKRA, | 6:16-CV-00051 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION |
| TATES PUBLISHING, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court *sua sponte*. On September 12, 2016, Plaintiff filed a complaint and accompanying Motion to Proceed *in forma pauperis* for the above captioned case. Plaintiff has failed to satisfy the amount in controversy requirement of 28 U.S.C. § 1332 and thus this Court lacks subject matter jurisdiction to hear this case. Accordingly, Plaintiff's complaint will be dismissed without prejudice.

## I. Facts as Alleged

The dispute here involves a contract between Plaintiff and Defendant for the publishing and advertising of music produced by Plaintiff. In 2013, Plaintiff submitted music to Luke Johns, an employee of Defendant. (Dkt. 2 at 1.) Mr. Johns represented that he wanted to "partner" with Plaintiff and sent him a contract, which provided that Defendant would publish and advertise Plaintiff's music in exchange for a sum of money named in the contract. (*Id.*) Plaintiff then began to pay sums required under the contract in installments. (*Id.*) Management of the contract was passed to Jade France, another employee of Defendant, who had Plaintiff sign a second

1

contract.[1] (*Id*.) Plaintiff alleges in his complaint that he has paid in the full $495.00 amount required under the contract, but has not received any of the promised services in return. (*Id*.) As a result, Plaintiff alleges damages in the amount of 2.5 million dollars for "the hard work of earning the money to pay them and for my suffering which my health has been at risk." (*Id*.)

II.     **Standard of Review**

Although district courts must construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless allege facts that state a cause of action, and district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Cox v. Marchant*, C/A No. 2:11-2811, 2011 WL 5869684, at *2 (D.S.C. Oct. 31, 2011) ("It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be 'mind readers' or 'advocate[s]' for *pro se* litigants.") (quoting, respectively, *Beaudett*, 775 F.2d at 1278 and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)).

Likewise, 28 U.S.C. § 1915 requires districts courts to screen *in forma pauperis* ("IFP") filings and to dismiss IFP complaints "at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(2)(B)(ii); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). "[Section] 1915 permits district courts to independently assess the merits of *in forma pauperis complaints*, and to 'exclude suits that have no arguable basis in law or fact.'" *Eriline*, 440 F.3d at 656 (quoting *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 954 (4th Cir. 1995)). The "fails to state a claim" standard articulated in § 1915 is "the familiar standard for a motion to dismiss under

---

[1] It is not clear from the complaint whether the first or second contract mentioned is the one that is in dispute.

Federal Rule of Procedure 12(b)(6), [which] accept[s] the plaintiff's factual allegations as true." *Hancock v. Combs*, No. 7:10-cv-00045, 2010 WL 2164622, at *1 (W.D. Va. May 25, 2010). Even accepting those allegations as true, however, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The plaintiff must recite "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). "Factual allegations," in sum, "must be enough to raise a right to relief above the speculative level." *Id.*

### III.     Discussion

Plaintiff's basic claim for relief in his complaint is: "[f]or all the hard work of earning the money to pay them and for my suffering which my health has been at risk. I wish to sue Tates Publishing for 2.5 million dollars." (Dkt. 2 at 1.) In essence, Plaintiff contends that Defendant breached their contract and, as a result, he deserves compensation for the funds paid to Defendant and for emotional suffering caused by the breach. Construing this claim and the rest of the complaint liberally, the Court concludes that Plaintiff is asserting a claim for breach of contract.

Plaintiff's complaint is unclear about whether the jurisdiction for his claim sounds in federal question or diversity, but regardless, no jurisdiction exists under either.[2] For federal question jurisdiction, the complaint does not allege an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Instead, the complaint alleges only a

---

[2] In his complaint, Plaintiff states that the complaint is "pursuant to 28 U.S.C. 1331," but describes the complaint as one based in diversity on his civil cover sheet.

breach of contract claim that would not fall under § 1331. Therefore, no federal question jurisdiction exists for the contract claim.

For diversity jurisdiction, the sole issue is whether the amount in controversy is met. In order for a District Court to hear a case on diversity jurisdiction, there must be a dispute where "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332. The test for denying jurisdiction to a case on amount in controversy grounds is articulated in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938):

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that ... the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less that the jurisdictional amount to justify dismissal.... But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

Courts have also held that when potentially frivolous damages such as punitive damages comprise "the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny." *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (citing *See Zahn v. International Paper Co.,* 469 F.2d 1033, 1033–34 n.1 (2d Cir. 1972), *aff'd,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973)).

Several courts have also found that the amount in controversy requirement was not met where the applicable state law barred the type of damages sought by the plaintiff. In *Muchler v. Greenwald*, 624 F. App'x 794, 798–99 (3d Cir. 2015), the court held that a plaintiff seeking only

$21,500 in compensatory damages could not meet the $75,000 threshold by alleging punitive damages that were not recoverable in breach of contract actions under the applicable state law. Similarly in *Brown v. Robinson*, No. 1:08CV646, 2009 WL 1313364, at *3 (S.D. Ohio May 8, 2009), the court found that a breach of contract claim of only $2,500 was insufficient to meet the amount in controversy when it was a legal certainty that plaintiffs could not recover the additional $72,500 in punitive damages to meet the threshold.

In Virginia,[3] "it is generally held that damages for emotional distress are not recoverable in an action for breach of contract, absent proof of physical injury or wanton or willful conduct amounting to a separate tort." *Brevon Developers, Inc. v. Phillips*, No. 117155., 1993 WL 946386, at *3 (Va. Cir. Ct. Dec. 22, 1993) (citing *Sea-Land Service, Inc. v. O'Neal*, 224 Va. 343, 297 S.E.2d 647 (1982)). In cases such as Plaintiff's, therefore, damages for "suffering" are not available when alleging only a breach of contract. In order to recover suffering damages, Plaintiff instead must allege facts amounting to a separate tort.

Applying the foregoing authorities, this Court concludes that Plaintiff has not satisfied the amount in controversy requirement of 28 U.S.C. § 1332. Plaintiff alleges only a breach of contract claim. Under the applicable law, emotional distress resulting from a breach of contract must be accompanied by proof of conduct by the Defendant amounting to a separate tort. Here, Plaintiff has not alleged any conduct that would amount to a separate tort and has only provided facts supporting a breach of contract claim in the amount of $495.00. Further, the assertion of

---

[3] Plaintiff's complaint states that Defendant sent the disputed contract to Plaintiff and that an agent of the Defendant, Jade France, had Plaintiff sign a second contract in 2015. Based on this information, the Court concludes that the contract in question was accepted when Plaintiff signed the document presented to him in Virginia. Virginia choice of law rules dictate that for breach of contract disputes, courts should apply the law of the place where the final act necessary to complete a contract was conducted. *See Black v. Powers*, 48 Va. App. 113, 128, 628 S.E.2d 546, 554 (2006). Because the final act here (acceptance by Plaintiff's signing) occurred in Virginia, Virginia law should apply to govern this contract dispute.

completely unsupported suffering damages to allow Plaintiff's claim to satisfy the amount in controversy are of the type that should be given "close scrutiny" because of the risk that Plaintiff is merely asserting those damages for the purposes of manufacturing jurisdiction. Plaintiff fails to provide any factual or legal support for damages in excess of a $495.00 breach of contract claim, so the Court must conclude that there is no legal basis for damages outside of that amount. Therefore, the Court finds that Plaintiff's breach of contract claim fails to satisfy the amount in controversy requirement of 28 U.S.C. § 1332 and will be dismissed without prejudice.

### IV. Conclusion

Plaintiff has failed to plead sufficient claims to satisfy the amount in controversy requirement of 28 U.S.C. § 1332. Plaintiff's complaint will be dismissed without prejudice. The Clerk of the Court is instructed directed to send a copy of this Memorandum Opinion and accompanying Order to Plaintiff.

Entered this  15th  day of September, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE